NOT DESIGNATED FOR PUBLICATION

Nos. 118,158
118,159

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANE LARON TAYLOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed January 18, 2019.
Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and SCHROEDER, JJ.

PER CURIAM:  Dane Laron Taylor appeals the revocation of his probation. After being convicted by a jury of multiple felonies while on probation, Taylor contends the district court abused it discretion when it denied his request for intermediate sanctions instead of imposing his underlying sentences. We find no abuse of discretion and affirm.

In 13CR265, Taylor pled no contest to possession of more than 25 grams, but less than 450 grams, of marijuana with the intent to distribute and unlawful use of drug paraphernalia. The district court sentenced him to 65 months' incarceration for possession

1

with the intent to distribute and 10 months' incarceration for the unlawful use of paraphernalia. However, the district court granted a downward dispositional departure, suspended Taylor's sentence, and ordered him to serve 36 months' probation.

While on probation in 13CR265, Taylor pled guilty in 14CR2393 to driving under the influence (DUI), driving while suspended, and driving while a habitual violator. The district court sentenced Taylor to 12 months in jail for the DUI and 12 months in jail for driving while suspended and driving while a habitual violator. However, the district court suspended the sentences and placed Taylor on 90 days' house arrest with 12 months' probation for the DUI. It also suspended the sentences for driving while suspended and driving while a habitual violator and placed Taylor on 12 months' probation.

Later, in 16CR1491, a jury convicted Taylor of three counts of aggravated assault with a deadly weapon, aggravated robbery, criminal possession of a firearm, distribution of hallucinogenic drugs, and two counts of possession of drug paraphernalia. The State moved to revoke his probation in 13CR265 and 14CR2393. The district court conducted a joint sentencing and probation revocation proceeding. After sentencing Taylor in 16CR1491, the district court addressed the State's motion to revoke probation in 13CR265 and 14CR2393.

Although he maintained his innocence, Taylor acknowledged the district court could take judicial notice of his convictions in 16CR1491 and acknowledged the convictions would show he violated his probation. Taylor also stipulated he failed to remain drug and alcohol free. The State recommended Taylor serve his underlying sentences because he committed very serious felonies while on probation. Taylor argued the district court should find it would be manifest injustice to run his sentences consecutively and requested a 120- or 180-day intermediate sanction instead of incarceration.

2

The district court ordered Taylor serve his underlying sentences in 13CR265 and 14CR2393 but ran the sentences concurrent to each other.

Unless otherwise required by law, probation is a privilege not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Here, Taylor acknowledged the district court could take judicial notice of the basis for his parole violation—his new convictions in 16CR1491. After determining a probation violation occurred, the district court must determine whether the violation warranted revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). This court reviews the district court's decision to revoke probation for an abuse of discretion. See *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). An abuse of discretion occurs if the district court's action was arbitrary, fanciful, or unreasonable or if the decision was based on an error of law or fact. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). The party asserting the trial court abused its discretion bears the burden of showing an abuse of discretion. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015).

Taylor argues the district court abused its discretion when it bypassed intermediate sanctions and ordered him to serve his underlying sentences in 13CR265 and 14CR2393. Under these facts, he claims it would serve the ends of justice to impose intermediate sanctions in 13CR265 and 14CR2393 after his 110-month prison sentence in 16CR1491. However, Taylor also acknowledges K.S.A. 2017 Supp. 22-3716(c)(8)(A) permits the district court to bypass intermediate sanctions, revoke probation, and impose a prison sentence if the district court determines the probationer committed a new felony or misdemeanor while on probation. Here, the court took judicial notice of his convictions in 16CR1491 for three counts of aggravated assault with a deadly weapon, aggravated robbery, criminal possession of a firearm, distribution of hallucinogenic drugs, and two counts of possession of drug paraphernalia. Although he maintains his innocence, he was found guilty by a jury. K.S.A. 2017 Supp. 22-3716(c)(8)(A) states: "[T]he court *may*

3

revoke the probation . . . of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D)." (Emphasis added.) Here the district court simply chose to follow K.S.A. 2017 Supp. 22-3716(c)(8)(A), utilizing its discretionary authority to impose the underlying sentences in 13CR265 and 14CR2393. The district court's decision to not impose intermediate sanctions upon revoking Taylor's probation was not based on an error of law or fact, and it was not arbitrary, fanciful, or unreasonable. The district court did not abuse its discretion.

Affirmed.